UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| MARK LEE ELLIS,<br><br>               Petitioner,<br><br>  v.<br><br>HENRY ATENCIO, Director of the Idaho Department of Correction, and LAWRENCE WASDEN, Idaho Attorney General,<br><br>               Respondents. | Case No. 1:17-cv-00106-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

Pending before the Court is a Petition for Writ of Habeas Corpus filed by Idaho state prisoner Mark Lee Ellis ("Petitioner" or "Ellis"), challenging Petitioner's state court convictions. (Dkt. 1.) Respondent has filed a Motion for Summary Dismissal, arguing that two of Petitioner's claims are procedurally defaulted and that the other two are not cognizable in this federal habeas action. (Dkt. 10.) The Motion is now ripe for adjudication.

The Court takes judicial notice of the records from Petitioner's state court proceedings, which have been lodged by Respondent. (Dkt. 9.) *See* Fed. R. Evid. 201(b); *Dawson v Mahoney*, 451 F.3d 550, 551 n.1 (9th Cir. 2006).

Having carefully reviewed the record, including the state court record, the Court finds that oral argument is unnecessary. *See* D. Idaho L. Civ. R. 7.1(d). Accordingly, the Court enters the following Order (1) granting in part Respondent's Motion for Summary

**MEMORANDUM DECISION AND ORDER - 1**

Dismissal, (2) dismissing Claims 1 and 3 with prejudice as noncognizable, and (3) allowing Petitioner 28 days to establish a legal excuse for the procedural default of Claims 2 and 4.

## BACKGROUND

The facts underlying Petitioner's conviction are set forth clearly and accurately in *State v. Ellis*, Docket No. 39226, Op. 51 (Idaho Ct. App. Sept. 19, 2013) (unpublished), which is contained in the record at State's Lodging B-5. The facts will not be repeated here except as necessary to explain the Court's decision.

In the Fourth Judicial District Court in Ada County, Idaho, Petitioner was charged with ten counts of possession of sexually exploitative material. Petitioner entered a conditional guilty plea to two counts, reserving his right to appeal the denial of his motion to suppress evidence. (State's Lodging B-5 at 2.) In exchange, the State dismissed the remaining charges, as well as a sentencing enhancement based on Petitioner's previously having committed a registrable sex offense. (State's Lodging A-1 at 165-66, 204-11.) Petitioner received a unified sentence of ten years in prison with five years fixed on one count, and a consecutive indeterminate sentence of five years on the other count. (*Id.* at 218-20.)

On direct appeal, Petitioner argued that the trial court should have granted his motion to suppress, relying in part on *United States v. Jones*, 565 U.S. 400 (2012)[1];

---

[1] *Jones* held that "the Government's installation of a GPS device on a target's vehicle, and its use of that device to monitor the vehicle's movements, constitutes a 'search'" for purposes of the Fourth Amendment's prohibition against unreasonable searches. 565 U.S. at 404 (footnote omitted). The *Jones* Court reasoned that the more modern "reasonable-expectation-of-privacy test," in the context of whether a search has occurred, "has been *added to,* not *substituted for,* the common-law trespassory test." *Id.* at

Petitioner also asserted that he had not waived his Fourth Amendment rights as part of his parole agreement and that any such waiver was unenforceable once Petitioner was arrested. (State's Lodging B-1, B-3.) The Idaho Court of Appeals affirmed, and the Idaho Supreme Court denied review. (State's Lodging B-5, B-8.)

Petitioner, acting pro se, then filed a state petition for post-conviction relief, arguing that he received ineffective assistance of trial counsel based on counsel's alleged (a) failure to "give an argument" on the motion to suppress or call witnesses on Petitioner's behalf, (b) allowing an intern to "write motions, work on [his] case and negotiate [the] plea agreement, and (c) failure to allow Petitioner "to see [his] complete discovery, evidence used against [him] or to review [his] pre-sentence investigation." (State's Lodging C-1 at 4-5.) Petitioner also claimed that his guilty plea was not knowing and voluntary because Petitioner "was unable to review [his] full discovery or pre-sentence investigation." (*Id*. at 3.) The state district court denied Petitioner's request for appointment of counsel and later dismissed the petition. (*Id*. at 16-21, 81-98, 115-19.)

Petitioner appealed, and his request for appointment of counsel on appeal was denied. (*Id*. at 133.) Petitioner's opening brief on appeal did not include any substantive argument. Petitioner indicated that he did not have notice of when the brief was due in time to prepare it adequately; instead, Petitioner attached his trial court brief and affidavit, stating,

> Since now I do not have time to complete a new brief, the fact that I do not know what I am doing in relation to legal

---

409. Therefore, the government's "physical intrusion" on the vehicle in *Jones* was a search within the meaning of the Fourth Amendment. *Id*. at 411.

**MEMORANDUM DECISION AND ORDER - 3**

> paperwork of any kind, and the issues are the same, I am resubmitting my two prior briefs presented to the district court as my appellant's brief.

(State's Lodging D-1.)

In opposition, the State argued that Petitioner had failed to present any issue for the Court of Appeals' consideration because he did not include any authority or argument in his appellant's brief. (State's Lodging D-2 at 8-9.) The State also asserted, generally, that the dismissal of the petition should be affirmed on the merits, but merely adopted the state district court's analysis as the State's argument on this issue. (*Id*. at 9.)

The Idaho Court of Appeals declined to address the merits of any claims in the post-conviction appeal, concluding as follows:

> Ellis has failed to present any issue on appeal, offer any argument or authority, or assign any specific error to the district court related to the dismissal of Ellis's post-conviction petition. A party waives an issue on appeal if either authority or argument is lacking. *Powell v. Sellers*, 130 Idaho 122, 128, 937 P.2d 434, 440 (Ct. App. 1997). Pro se litigants are held to the same standards as those litigants represented by counsel. *Golay v. Loomis*, 118 Idaho 387, 392, 797 P.2d 95, 100 (1990). Pro se litigants are not excused from abiding by procedural rules simply because they are appearing pro se and may not be aware of the applicable rules. *See id.* Therefore, we do not address the merits of Ellis's appeal.

(State's Lodging D-4 at 3-4.) The Idaho Supreme Court denied review. (State's Lodging D-7.)

Meanwhile, Petitioner also filed a motion for reduction of sentence, under Idaho Criminal Rule 35, which the trial court denied. (State's Lodging E-1 at 245-47.)

**MEMORANDUM DECISION AND ORDER - 4**

Petitioner initially appealed the denial, but later voluntarily dismissed that appeal. (*Id*. at 263-69; State's Lodging F-1, F-2, F-3.)

In this, Petitioner asserts four claims. Claim 1 alleges that Petitioner's Fourth and Fourteenth Amendment rights were violated when evidence was seized pursuant to an illegal search. (Dkt. 1 at 4.)

Claim 2 asserts ineffective assistance of trial counsel based on counsel's alleged (a) failure to make an oral argument, interview witnesses, or "confront the state in any capacity," (b) reliance on a motion prepared by an intern, (c) failure to challenge the state on the "existence of [a] parole agreement," (c) failure to "argue statutes in relation to [Petitioner's] status," and (d) failure to make any "effort in [his] defense at all," such as "ask[ing] the court if there were any concerns he could answer," arguing that "there was no exigency for the search," or arguing that a "landlord had no right to allow [Petitioner's] apartment to be searched." (*Id*. at 5.)

Claim 3 alleges that Petitioner's Fourth and Fourteenth Amendment rights were violated, under *United States v. Jones*, 565 U.S. 400 (2012), and based on "what a parolee's status changes to after arrest and confinement." (*Id.* at 6.)

Finally, Claim 4 asserts a due process violation—presumably making Petitioner's guilty plea invalid—because Petitioner (a) suffered from an untreated mental illness, and (b) received ineffective assistance of counsel when his trial attorney (i) did not allow Petitioner to review discovery or to examine the pre-sentence report and (ii) did not make certain arguments to the trial court. (*Id*. at 7; *see also* Dkt. 5 at 2.)

United States Magistrate Judge Ronald E. Bush previously reviewed the Petition and allowed Petitioner to proceed on his claims to the extent those claims "(1) are cognizable in a federal habeas corpus action, (2) were timely filed in this Court, and (3) were either properly exhausted in state court or subject to a legal excuse for any failure to exhaust in a proper manner." (Dkt. 5 at 2-3.) This case has since been reassigned to the undersigned judge.

## PETITIONER'S REQUEST FOR APPOINTMENT OF COUNSEL

This Court previously denied without prejudice Petitioner's request for appointment of counsel. In his response to Respondent's Motion for Summary Dismissal, Petitioner renews that request. (Dkt. 12 at 2.)

There is no constitutional right to counsel in a habeas corpus action. *Coleman v. Thompson*, 501 U.S. 722, 755 (1991), but counsel may be appointed when required by the interests of justice, 28 U.S.C. § 2254(h); 18 U.S.C. § 3006A(a)(2)(B). Whether counsel should be appointed turns on a petitioner's ability to articulate his claims in light of the complexity of the legal issues and his likelihood of success on the merits. *See Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983).

The Court understands that Petitioner does not have legal training or legal resources. Therefore, the Court independently reviews the case citations and references provided by the state for accuracy and applicability. The Court also does its own research to determine whether other cases not cited by the Petitioner and state apply. Finally, the appellate review process before the Ninth Circuit is available to ensure that the case has

been adjudicated according to the proper legal standards. For these reasons, the Court will deny Petitioner's request for the appointment of counsel.

## RESPONDENT'S MOTION FOR SUMMARY DISMISSAL

The Rules Governing Section 2254 Cases ("Habeas Rules") authorize the Court to summarily dismiss a petition for writ of habeas corpus when "it plainly appears from the face of the petition and any attached exhibits," as well as those records subject to judicial notice, "that the petitioner is not entitled to relief in the district court." Habeas Rule 4; *see* Fed. R. Evid. 201(b); *Dawson*, 451 F.3d at 551 n.1. Where appropriate, a respondent may file a motion for summary dismissal, rather than an answer. *White v. Lewis*, 874 F.2d 599, 602 (9th Cir. 1989).

Respondent argues that Claims 1 and 3 are not cognizable in this action and that Claims 2 and 4 are procedurally defaulted. For the reasons that follow, the Court agrees.

**1.      Claims 1 and 3 Are Not Cognizable**

Claims 1 and 3 of the Petition are both Fourth Amendment claims. Claim 1 asserts that Petitioner's Fourth Amendment rights were violated when police conducted an unreasonable search and seizure of evidence. Claim 3 expounds upon Claim 1 by contending that the search and seizure violated the Fourth Amendment as explained in *United States v. Jones*, 565 U.S. 400 (2012).

However, Fourth Amendment claims cannot be heard in federal habeas corpus so long as the petitioner was provided an opportunity for full and fair litigation of that claim in state court. *Stone v. Powell*, 428 U.S. 465, 494 (1976). The *Stone* doctrine is based on the principle that the exclusionary rule is "not a personal constitutional right" but is

**MEMORANDUM DECISION AND ORDER - 7**

instead a practical way to deter police conduct that violates the Fourth Amendment. *Id.* at 486. The social costs of the exclusionary rule are heavy—the rule "deflects the truthfinding process and often frees the guilty." *Id.* at 490. On collateral review of a criminal conviction, "the contribution of the exclusionary rule, if any, to the effectuation of the Fourth Amendment is minimal, and the substantial societal costs of application of the rule persist with special force." *Id.* at 494-95.

To determine whether a petitioner had a full and fair opportunity to litigate his Fourth Amendment claim in state court, the Court "inquire[s] into the adequacy and fairness of available state court procedures for the adjudication of Fourth Amendment claims." *Sanna v. Dipaolo*, 265 F.3d 1, 8 (1st Cir. 2001). If the Court determines that the state court procedures are adequate, the inquiry ends there. *Id*. at 8-9. That is, "[s]o long as a state prisoner has had an opportunity to litigate his Fourth Amendment claims by means of such a set of procedures, a federal habeas court lacks the authority, under *Stone*, to second-guess the accuracy of the state court's resolution of those claims." *Id*. at 9. Stated another way, "[t]he relevant inquiry is whether petitioner had the opportunity to litigate his claim, not whether he did in fact do so or even whether the claim was correctly decided." *Ortiz-Sandoval v. Gomez*, 81 F.3d 891, 899 (9th Cir. 1996). The petitioner bears the burden of establishing that the state courts did not consider his Fourth Amendment claim fully and fairly. *Mack v. Cupp*, 564 F.2d 898, 901 (9th Cir. 1977).

Petitioner raised his Fourth Amendment claims in state court by filing a motion to suppress evidence. The trial court considered and rejected those claims, Petitioner appealed, and the Idaho Court of Appeals affirmed. Because Petitioner was given a full

**MEMORANDUM DECISION AND ORDER - 8**

and fair opportunity to litigate his Fourth Amendment claims in state court, Claims 1 and 3 will be dismissed as noncognizable.

**2.      Claims 2 and 4 Appear Subject to Dismissal as Procedurally Defaulted**

Claim 2 of the Petition asserts ineffective assistance of counsel on various grounds, and Claim 4 contends that Petitioner's guilty plea was invalid.

*A.      Standards of Law*

A habeas petitioner must exhaust his or her remedies in the state courts before a federal court can grant relief on constitutional claims. *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). To do so, the petitioner must invoke one complete round of the state's established appellate review process, fairly presenting all constitutional claims to the state courts so that they have a full and fair opportunity to correct alleged constitutional errors at each level of appellate review. *Id.* at 845. In a state that has the possibility of discretionary review in the highest appellate court, like Idaho, the petitioner must have presented all of his federal claims at least in a petition seeking review before that court. *Id.* at 847. "Fair presentation" requires a petitioner to describe both the operative facts and the legal theories upon which the federal claim is based. *Gray v. Netherland*, 518 U.S. 152, 162-63 (1996).

The mere similarity between a federal claim and a state law claim, without more, does not satisfy the requirement of fair presentation. *See Duncan v. Henry*, 513 U.S. 364, 365-66 (1995) (per curiam). General references in state court to "broad constitutional principles, such as due process, equal protection, [or] the right to a fair trial," are likewise insufficient. *See Hiivala v. Wood*, 195 F.3d 1098, 1106 (9th Cir. 1999). The law is clear

**MEMORANDUM DECISION AND ORDER - 9**

that, for proper exhaustion, a petitioner must bring his federal claim before the state court by "explicitly" citing the federal basis for his claim. *Lyons v. Crawford*, 232 F.3d 666, 669 (9th Cir. 2000), *as amended*, 247 F.3d 904 (9th Cir. 2001).

When a habeas petitioner has not fairly presented a constitutional claim to the highest state court, and it is clear that the state court would now refuse to consider it because of the state's procedural rules, the claim is said to be procedurally defaulted. *Gray*, 518 U.S. at 161-62. Procedurally defaulted claims include those within the following circumstances: (1) when a petitioner has completely failed to raise a claim before the Idaho courts; (2) when a petitioner has raised a claim, but has failed to fully and fairly present it as a *federal* claim to the Idaho courts; and (3) when the Idaho courts have rejected a claim on an adequate and independent state procedural ground. *Id.*; *Baldwin v. Reese*, 541 U.S. 27, 32 (2004); *Coleman v. Thompson*, 501 U.S. 722, 750 (1991).

"To qualify as an adequate procedural ground, a state rule must be firmly established and regularly followed." *Walker v. Martin*, 562 U.S. 307, 316 (2011) (internal quotation marks omitted). That is, the state procedural bar must be one that is "'clear, consistently applied, and well-established at the time of the petitioner's purported default.'" *Martinez v. Klauser*, 266 F.3d 1091, 1093-94 (9th Cir. 2001) (quoting *Wells v. Maass*, 28 F.3d 1005, 1010 (9th Cir. 1994)). A state procedural bar can be considered adequate even if it is a discretionary rule, and even though "the appropriate exercise of discretion may permit consideration of a federal claim in some cases but not others." *Beard v. Kindler*, 558 U.S. 53, 61 (2009). A state rule's "use of an imprecise standard . . .

**MEMORANDUM DECISION AND ORDER - 10**

is no justification for depriving a rule's language of any meaning." *Walker*, 562 U.S. at 318 (internal quotation marks and alteration omitted).

A state procedural bar is "independent" of federal law if it does not rest on, and if it is not interwoven with, federal grounds. *Bennett v. Mueller*, 322 F.3d 573, 581 (9th Cir. 2003). A rule will not be deemed independent of federal law "if the state has made application of the procedural bar depend on an antecedent ruling on federal law such as the determination of whether federal constitutional error has been committed." *Id.* (internal quotation marks and alteration omitted); *see also Ake v. Oklahoma*, 470 U.S. 68, 75 (1985) (stating that "when resolution of the state procedural law question depends on a federal constitutional ruling, the state-law prong of the court's holding is not independent of federal law, and our jurisdiction is not precluded," and holding that a state waiver rule was not independent because, "[b]efore applying the waiver doctrine to a constitutional question, the state court must rule, either explicitly or implicitly, on the merits of the constitutional question").

### B. *Claims 2 and 4 Are Procedurally Defaulted*

The most straightforward manner in which to resolve the exhaustion and procedural default status of Petitioner's federal claims is to review which claims were raised and addressed on the merits in the state court appellate proceedings.

The only claims Petitioner raised on direct appeal were Claims 1 and 3—that the trial court erred by denying his motion to suppress evidence on various grounds—which (as previously explained) are not cognizable. Petitioner did not fairly present Claims 2 or 4 on direct appeal.

**MEMORANDUM DECISION AND ORDER - 11**

Further, on appeal from the dismissal of Petitioner's post-conviction petition, the Idaho Court of Appeals declined to consider the merits of any claim, holding that Petitioner had not complied with that court's procedural rule requiring issues to be supported by argument and authority. (State's Lodging D-4 at 3-4.) This procedural rule has already been determined to be an adequate and independent state procedural ground. *Zichko v. Idaho*, 247 F.3d 1015, 1021 (9th Cir. 2001).

Finally, because Petitioner voluntarily dismissed his appeal from the trial court's denial of his Rule 35 motion, he did not fairly present any of his Rule 35 claims to the Idaho appellate courts during those proceedings.

For these reasons, Claims 2 and 4 are procedurally defaulted.

### C. *Claims 2 and 4 Will Be Dismissed Unless Petitioner Shows Cause and Prejudice, or Actual Innocence, to Excuse the Procedural Default of Those Claims*

The Court's conclusion that Claims 2 and 4 are procedurally defaulted does not end the inquiry. If a claim is procedurally defaulted, a federal court can still hear the merits of the claim if the petitioner meets one of two exceptions: (1) a showing of adequate legal cause for the default and prejudice arising from the default, or (2) a showing of actual innocence, which means that a miscarriage of justice will occur if the claim is not heard in federal court. *See Coleman*, 501 U.S. at 731; *Schlup v. Delo*, 513 U.S. 298, 329 (1995); *Murray v. Carrier*, 477 U.S. 478, 488 (1986). Neither an assertion of cause and prejudice nor an assertion of actual innocence under *Schlup* is an independent constitutional claim. Rather, these are federal *procedural* arguments that, if

**MEMORANDUM DECISION AND ORDER - 12**

sufficiently established by the petitioner, allow a federal court to consider the merits of an otherwise procedurally-defaulted constitutional claim.

Petitioner will be allowed an opportunity to establish that he is excused from the default of Claims 2 and 4 based on one or both of these exceptions. Because Petitioner is pro se, the Court provides the following legal standards that govern these issues.

i. Cause and Prejudice

To show "cause" for a procedural default, a petitioner must ordinarily demonstrate that some objective factor external to the defense impeded his or his counsel's efforts to comply with the state procedural rule at issue. *Murray*, 477 U.S. at 488. To show "prejudice," a petitioner generally bears "the burden of showing not merely that the errors [in his proceeding] constituted a *possibility* of prejudice, but that they worked to his *actual* and substantial disadvantage, infecting his entire [proceeding] with errors of constitutional dimension." *United States v. Frady*, 456 U.S. 152, 170 (1982).

"Cause," for purposes of the cause and prejudice exception, means the reason why the claim was not fairly presented to the Idaho Supreme Court. Petitioners seeking to establish cause should include facts about the who, what, where, when, and how regarding the default—specific facts that fully explain the reason behind that default.

Cause for the default may exist as a result of ineffective assistance of counsel. For example, the failure on appeal to raise a meritorious claim of trial error—or the failure at trial to preserve a claim for appeal—may render that claim procedurally defaulted. *See Edwards v. Carpenter*, 529 U.S. 446, 452 (2000) ("[I]n certain circumstances counsel's ineffectiveness in failing properly to preserve the claim for review in state court will

**MEMORANDUM DECISION AND ORDER - 13**

suffice."). However, for ineffective assistance of counsel ("IAC") to serve as cause to excuse a default, that IAC claim must itself have been separately presented to the state appellate courts. *Id.* ("A claim of ineffective assistance . . . generally must be presented to the state courts as an independent claim before it may be used to establish cause for a procedural default.") (internal quotation marks and alteration omitted). If the ineffective assistance asserted as cause was not fairly presented to the state courts, a petitioner must show that an excuse for that separate default exists, as well. *Id.* at 453 ("[A]n ineffective-assistance-of-counsel claim asserted as cause for the procedural default of another claim can itself be procedurally defaulted.").

A petitioner does not have a federal constitutional right to the effective assistance of counsel during state post-conviction proceedings. *Pennsylvania v. Finley*, 481 U.S. 551, 554 (1987); *Bonin v. Vasquez*, 999 F.2d 425, 430 (9th Cir. 1993). As a result, the general rule is that any errors of counsel, or lack of counsel, during a post-conviction action cannot serve as a basis for cause to excuse a procedural default. *Coleman*, 501 U.S. at 752.

However, the Supreme Court established an exception to that general rule in *Martinez v. Ryan*, 566 U.S. 1 (2012). *Martinez* held that, in limited circumstances, lack of counsel or "[i]nadequate assistance of counsel at initial-review collateral proceedings may establish cause for a prisoner's procedural default of a claim of ineffective assistance at trial." *Id.* at 9. *Martinez* does not apply to any claims other than claims of ineffective

assistance of trial counsel ("IATC"),[2] and it can apply only if the underlying IATC claim is exhausted and procedurally defaulted. *Davila v. Davis*, 137 S. Ct. 2058, 2063 (2017) (holding that *Martinez* does not apply to underlying claims of ineffective assistance of direct appeal counsel); *Hunton v. Sinclair*, 732 F.3d 1124, 1126-27 (9th Cir. 2013) (holding that *Martinez* does not apply to claims under *Brady v. Maryland*).

The Supreme Court has described and clarified the *Martinez* cause and prejudice test as consisting of four necessary prongs: (1) the underlying claim of ineffective assistance of trial counsel must be a "substantial" claim; (2) the "cause" for the procedural default consists of there being "no counsel" or only "ineffective" counsel during the state collateral review proceeding; (3) the state collateral review proceeding was the "initial" collateral review proceeding where the IATC claim could have been brought[3]; and (4) state law requires that an IATC claim be raised in an initial-review collateral proceeding, or by "design and operation" such claims must be raised that way, rather than on direct appeal. *Trevino v. Thaler*, 569 U.S. 416, 423, 429 (2013).

The failure to meet any of these four prongs means that the *Martinez* exception is unavailable to excuse the procedural default of an ineffective assistance claim.

---

[2] For this reason, any portion of Claim 2 or 4 that is not an IATC claim is not subject to *Martinez*.

[3] The *Martinez* exception applies only to IATC claims that were defaulted in the initial-review collateral proceeding—a petitioner may not use, as cause to excuse a default, any attorney error (or lack of counsel) that occurred in "appeals from initial-review collateral proceedings, second or successive collateral proceedings, and petitions for discretionary review in a State's appellate courts." *Martinez*, 566 U.S. at 16. Therefore, as to any portion of Claim 2 or 4 that was properly raised in the trial court during post-conviction proceedings, but defaulted during the post-conviction appeal, *Martinez* does apply to excuse that default.

**MEMORANDUM DECISION AND ORDER - 15**

### ii. Actual Innocence

Actual innocence, in the context of the miscarriage of justice exception to procedural default, "means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623 (1998). In asserting actual innocence, a petitioner must "support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Schlup v. Delo*, 513 U.S. 298, 324 (1995). A procedurally defaulted claim may be heard under the miscarriage-of-justice exception only if, "in light of all of the evidence, '. . . no reasonable juror would have found [the petitioner] guilty beyond a reasonable doubt.'" *United States v. Avery*, 719 F.3d 1080, 1083 (9th Cir. 2013) (quoting *Schlup*, 513 U.S. at 327). Stated another way, it must be more likely than not that *every* reasonable juror would vote to acquit. *Jenkins v. Hutton*, 137 U.S. 1769, 1772 (2017) (per curiam) (citing *Sawyer v. Whitley*, 505 U.S. 333 (1992), for the clear and convincing evidence standard).

This is an extremely demanding standard that "permits review only in the 'extraordinary' case." *House v. Bell*, 547 U.S. 518, 538 (2006) (quoting Schlup, 513 U.S. at 327). A court considering whether a petitioner has established actual innocence must consider "all the evidence, old and new, incriminating and exculpatory, admissible at trial or not." *Lee v. Lampert*, 653 F.3d 929, 938 (9th Cir. 2011) (en banc) (internal quotation marks omitted). Although "habeas petitioners who assert convincing actual-innocence claims [need not] prove diligence to cross a federal court's threshold," a court "'may consider how the timing of the submission and the likely credibility of a petitioner's

**MEMORANDUM DECISION AND ORDER - 16**

affiants bear on the probable reliability of evidence of actual innocence.'" *McQuiggin v. Perkins*, 133 S. Ct. 1924, 1935 (quoting *Schlup*, 513 U.S. at 332) (alterations omitted).

The actual innocence inquiry "does not turn on discrete findings regarding disputed points of fact, and '[i]t is not the district court's independent judgment as to whether reasonable doubt exists that the standard addresses.'" *House*, 547 U.S. at 539-40 (quoting *Schlup*, 513 U.S. at 329 (alteration in original)). Rather, the court must "make a probabilistic determination about what reasonable, properly instructed jurors would do." *Schlup*, 513 U.S. at 329.

## CONCLUSION

Claims 1 and 3 must be dismissed pursuant to *Stone v. Powell*, 428 U.S. 465 (1976), because Petitioner had a full and fair opportunity to present those Fourth Amendment claims to the Idaho state courts. Petitioner's remaining claims are procedurally defaulted and thus are subject to dismissal unless Petitioner can establish cause and prejudice, or actual innocence, to excuse the default.

In his response to this Order, Petitioner should include facts that he believes fit one or both exceptions to procedural default with respect to Claims 2 and 4. Petitioner may, but need not, present a "legal argument," as the Court will independently consider whether the exceptions are applicable based on the facts provided.

## ORDER

**IT IS ORDERED:**

1. Respondent's Motion for Summary Dismissal (Dkt. 10) is GRANTED IN PART, and Claims 1 and 3 of the Petition are DISMISSED with prejudice.

**MEMORANDUM DECISION AND ORDER - 17**

The Motion is denied without prejudice in remaining part to allow Petitioner to respond to this Order.

2. Claims 2 and 4 of the Petition are procedurally defaulted, and the Court does not have before it sufficient evidence to conclude that the cause and prejudice or actual innocence exception applies to excuse the default of these claims. Petitioner may respond to this Order within 28 days, setting forth any reason why his procedurally defaulted claims should be heard on the merits. If Petitioner does not file a response, or if the response does not establish cause and prejudice or actual innocence, Claims 2 and 4 will be dismissed for the reasons stated in this Order.

3. Respondent may reply to Petitioner's response within 14 days after service of any such response.

DATED: January 29, 2018

B. Lynn Winmill
Chief U.S. District Court Judge